## Commonwealth v. Capwell

*David J. Tomaine, Assistant District Attorney,* for Commonwealth.
*Charles Witaconis,* for defendant.

COTTONE, *J.,* February 22, 1980—This matter is before the court by way of a petition for extension of time for commencing trial and an amendment thereto. Defendant contests the petition, alleging that the Commonwealth filed the petition 181 days after the complaint was issued and that the Com-

monwealth did not use due diligence in bringing defendant to trial within 180 days after the complaint was issued against him (both reasons being in violation of Pa.R.Crim.P. 1100).

The original petition for extension was filed on January 24, 1980 which was within the 180 day period required by Rule 1100. The reason stated in the request for the extension in this petition was that defense counsel requested the extension in order to file an application to place the defendant in the A.R.D. program. This reason is conceded by the Commonwealth to be an error and, therefore, the amended petition was filed on February 5, 1980 averring other reasons for the extension. The date on which the amended petition was filed was the 181st day after the complaint was filed. The Commonwealth's position is that the filing date of the original petition, which was within the 180 day rule, is the controlling date and not the date of the filing of the amended petition, which was on the 181st day.

I find no merit to defendant's contention that the filing of the amended petition on the 181st day after the complaint was filed is controlling. Even though the basis for the requested extension was erroneous in the original petition, it was subsequently corrected by the Commonwealth by the amended petition that was filed without undue delay.

The more serious question to be resolved is whether or not the Commonwealth used due diligence to bring defendant to trial within the required 180 days. The record indicates that defendant was indicted by the grand jury on December 18, 1979 which was during the first grand jury session convened after defendant was bound over for grand jury action by the magistrate. Further, defendant was scheduled for trial on January 24, 1980 which

was the first session of criminal trials scheduled after defendant was indicted. The record also reveals that defendant, pursuant to the rights granted him by the Rules of Criminal Procedure, filed a petition for a bill of particulars on December 28, 1979 and this petition was answered by the Commonwealth on January 8, 1980. Defendant filed a motion for omnibus pretrial relief, seeking a supplementary bill of particulars on January 23, 1980 which was one day prior to the scheduled trial. On this day, defendant requested a rule to show cause why the supplementary bill of particulars should not be granted. The court granted this rule to defendant and set February 8, 1980 as the date for a hearing on the rule. This necessitated a continuance of the trial date from January 24, 1980 which was within the 180 day rule, to the next term of criminal court which would be beyond the said rule.

In light of the circumstances described above, it is the opinion of this court that the Commonwealth used all due diligence in an effort to bring defendant to trial within 180 days from the date of the issuance of the complaint. Therefore, the Commonwealth's extension request will be granted.

## ORDER

Now, February 22, 1980, the Commonwealth's request for an extension of time for commencing the trial of defendant is granted until the end of the criminal court term that commences on February 25, 1980.